IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRENT HANSEN, as Natural Father and Conservator for the Property of C.H, a Minor Child<br><br>and<br><br>GRACIE A. HANSEN,<br><br>    Plaintiffs,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | Case No. |

## COMPLAINT

### (ERISA – 29 U.S.C. § 1132(a)(1)(B))

COMES NOW Plaintiffs Brent Hansen, as the Natural Father and Conservator of the Property of his minor child C.H., and Gracie A. Hansen, and for their causes of action, against Defendant Hartford Life and Accident Insurance Company, state as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Brent Hansen is an adult male. He is a resident of the State of Kansas. He is the natural father of Plaintiff Gracie Hansen and C.H., a male minor. C.H's date of birth is August 29, 2011.

2. Plaintiff Gracie A. Hansen is an adult female. She is a resident of the State of Kansas. She turned eighteen (18) on June 21, 2025. Her date of birth is June 21, 2007.

3. Karen Hansen was the natural mother of Gracie Hansen and C.H., a minor.

4. Karen Hansen died on October 31, 2023 in Olathe, Kansas.

5. Plaintiff Brent Hansen is the duly appointed Conservator of the property of C.H., a minor.

6. Plaintiff Gracie Hansen and C.H, a minor are the rightful beneficiaries under their deceased mother's employer-sponsored life insurance plan with Defendant Hartford Life and Accident Insurance Company.

7. Karen Hansen, now deceased, was employed by CVS Pharmacy Inc. She was a participant/insured in a group life insurance policy offered by her employer and issued by Defendant Hartford Life and Accident Insurance Company, governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

8. Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford") is a corporation authorized to do business in the State of Kansas and doing business in the State of Kansas. Defendant Hartford issued the insurance policy at issue in this case in the State of Kansas. Defendant Hartford serves as the insurer and claims administrator of the group life insurance policy at issue in this case.

9. Defendant Hartford may be served with process through its statutory agent, the Kansas Insurance Commissioner, by serving Commissioner of Insurance, ATTN: Legal Division, Kansas Insurance Department, 420 SW 9th Street, Topeka, Kansas 66612.

10. This Court has subject matter jurisdiction pursuant to ERISA § 502(e) and (f) and 29 U.S.C. § 1132(e) and (f).

11. Venue is proper pursuant to 29 U.S.C. § 1132(e) and (f) and 28 U.S.C. § 1391, as the plan breaches occurred, and the plan was administered, in this district.

## FACTUAL ALLEGATIONS

12. On May 23, 2022, Karen Hansen submitted a Personal Health Application for Life Insurance to Defendant Hartford for $449,000 in Group Life Insurance coverage. Hartford approved the full amount of the insurance application the same day and agreed to provide insurance coverage on the life of Karen Hansen in the amount of $449,000.

13. Karen Hansen designated her children Gracie A. Hansen and C.H., a minor, as beneficiaries under that life insurance policy. Gracie A. Hansen and C.H., a minor, were the only beneficiaries named by Karen Hansen.

14. Karen Hansen died on October 31, 2023. The death certificate lists her cause of death as "severe hyponatremia and hypochloremia." Heart disease was not listed as the cause of death.

15. According to Defendant Hartford's records, the cause of Karen Hansen's death was "natural".

16. On February 27, 2024, Plaintiff Brent Hansen, acting on behalf of both of his children, submitted a timely Claim For Life Insurance Benefits to Defendant insurance company.

17. By letter of March 2, 2024, Defendant Hartford notified the Guardian of Gracie Hansen that, "We have approved payment of this claim in the amount of $253,000."

18. By letter of March 2, 2024, Defendant Hartford notified the Guardian of C.H., a minor, that, "We have approved payment of this claim in the amount of $253,000."

19. At the request of Defendant Hartford, on June 20, 2024, Plaintiff Brent Hansen submitted to Defendant Hartford a copy of all of Karen Hansen's medical records for the previous five (5) years.

20. In response, in a letter dated June 27, 2024, Defendant Hartford:

    a. changed its position and denied the Supplemental Group Life Insurance benefit (in the amount of $280,000) to Plaintiff Gracie Hansen and C.H., a minor; and

    b. approved only a partial benefit (in the amount of $169,000).

21. In denying the claim, Defendant Hartford declared that Karen Hansen was not eligible for the $280,000 Supplemental Group Life Insurance benefit.

22. On August 1, 2024, Plaintiff sent a formal written request for all documents Defendant Hartford relied on to support the denial of the claim.

23. In response, on or about August 27, 2024, Defendant Hartford produced to Plaintiff Brent Hansen, three hundred and seventy-four (374) pages of documents.

24. Defendant Hartford's June 27, 2024 letter identified two (2) reasons for denial of Plaintiff's $280,000 Supplemental Group Life Insurance claim:

    a. the medical records from Xpress Family Clinic indicate that Karen D. Hansen was diagnosed with or treated for heart disease within the last five years; and

    b. that Karen Hansen had knowledge and a belief that she had been diagnosed with heart disease within the last five years.

## The Administrative Record Does Not Contain Any Xpress Family Clinic Medical Records

25. Regarding Defendant's first basis for denying Plaintiffs' claim, as support for the Defendant's contention that Karen D. Hansen had knowledge and a belief that she had been diagnosed by a licensed member of the medical profession, with heart disease within five years of her insurance application, Defendant Hartford's June 27, 2024 letter stated:

    a. "The Medical Records from Xpress Family Clinic indicate that Karen D. Hansen was diagnosed with or treated for heart disease within the last five (5) years."

26. There were absolutely no records from Xpress Family Clinic contained within the three hundred and seventy-four (374) pages of documents upon which Defendant Hartford bases its denial of this claim. The Defendant's denial of Plaintiffs' claim is based on records that do not exist and is without a valid, factual or legal basis.

## The Defendant Does Not Have Any Evidence of Karen Hansen's Knowledge and Belief

27. Regarding Defendant's second reason for denying this claim, on May 23, 2022, Karen Hansen completed the Defendant's Employer Group Benefits Coverage

5

Information Form as part of her application for the life insurance at issue in this case. The following directions/questions, at page 3 of that form, read as follows:

"Each applicant must answer each of the following questions to *the best of their knowledge and belief.*" (emphasis added)

28. The form continues as follows: "*Within the past five (5) years*, have you been diagnosed with or treated *by a licensed member of the medical profession* for heart disease?" The box next to "No" had been checked. (emphasis added)

29. There is nothing in the three hundred and seventy-four (374) pages of records upon which Defendant Hartford's bases its denial that shows that Karen Hansen *had knowledge and a belief* that she had been diagnosed or treated *by a licensed member of the medical profession* for heart disease, within five (5) years of completing the Employer Group Benefits Coverage Information Form on May 23, 2022.

30. Defendant Hartford has failed and refused to identify any evidence, records or documents to support the denial of this claim.

## The Administrative Appeal

31. On January 27, 2025, Plaintiff Brent Hansen submitted to the Defendant a formal Administrative Appeal, setting out in detail the above-identified lack of evidence to support the Defendant's denial and reiterating his children's rightful entitlement to the full benefit amount.

32. Plaintiff Brent Hansen also asked Defendant Hartford for a copy of Defendant Hartford's ERISA plan relative to the policy at issue in this case. That request for a copy of the plan was ignored by Defendant Hartford.

33. On January 28, 2025, a letter was sent by The Hartford stating that Defendant expected to make a decision on the Plaintiffs' Administrative Appeal by March 28, 2025. No decision was received by Plaintiff, by that date.

34. Defendant Hartford's letter of January 28, 2025 also stated that Defendant could extend the decision deadline by sixty days, or until May 27, 2025. No decision was received from Defendant, by that date.

35. On May 30, 2025, Plaintiff Brent Hansen sent Defendant Hartford another letter, once again requesting a decision on the pending Administrative Appeal.

36. On June 17, 2025, Defendant Hartford responded and produced, for the first time:

    a. a copy of a January 14, 2025 letter authored by Defendant; and

    b. a copy of a February 10, 2025 letter authored by Defendant.

37. The January 14, 2025 correspondence from Defendant stated that Defendant had completed its appeal review and that the denial of the claim would be upheld. The January 14, 2025 letter was never received by Plaintiffs, until June 17, 2025.

38. The Defendant's February 10, 2025 letter stated, "Hartford's final appeal decision was made on January 14, 2025."

    a. January 14, 2025 was thirteen (13) days before (January 27, 2025) Plaintiff submitted his Administrative Appeal.

    b. January 14, 2025 was fourteen (14) days before Defendant Hartford's letter of January 28, 2025, stating that Defendant would make a decision on the Administrative Appeal by March 28, 2025.

39. Defendant Hartford denied the Administrative Appeal in this case before it was even submitted.

40. Defendant Hartford has failed and refused to identify any document, in the three hundred and seventy-four (374) pages of documents upon which Defendant bases its denial, to support the conclusion that Karen Hansen had knowledge and a belief that she had been diagnosed with, or treated by a licensed member of the medical profession for heart disease at some point after May 23, 2017.

41. On June 19, 2025, Plaintiffs' counsel wrote to Defendant Hartford and requested a copy of the following documents, within thirty (30) days:

    a. The full plan document, including any amendments, which sets out the terms and conditions of the benefit plan;

    b. The latest Summary Plan Description, which explains rights, benefits and obligations;

    c. The insurance policy under which the plan is established or operated;

    d. All documents, records and information relied upon by your company in making the denial decision, including internal notes, correspondence, medical records and investigative reports; and

    e. The complete administrative record containing all evidence submitted and considered during the claim appeal process.

42. No response to the June 19, 2025 request was ever received from Defendant.

43. Plaintiff Brent Hansen has made every reasonable effort to cooperate with Defendant Hartford. He submitted a completed claim package, responded to requests for medical records, and even submitted an affidavit from Karen Hansen's sister confirming that Karen Hansen had never been told she had been diagnosed with heart disease.

44. Despite these efforts to resolve the matter cooperatively, Defendant Hartford has failed and refused to reverse its denial of this claim and to pay the remaining benefits owed to Karen Hansen's children.

45. Defendant Hartford has also failed and refused to produce any records from Xpress Family Clinic (or any other source) to support Defendant's contention that Karen Hansen knew and believed that she had been diagnosed with, or treated by a licensed member of the medical profession, for heart disease (after May 23, 2017) within five (5) years preceding her application for life insurance benefits.

46. Defendant Hartford has been given every opportunity to fulfill its legal obligations to Karen Hansen's children. Plaintiff Brent Hansen sought to resolve the matter informally, without litigation, in a good-faith effort to protect his children from further distress and delay.

47. Despite these efforts, Defendant Hartford has continued to ignore and deny the claim without any legitimate basis, and to ignore the plain language of the policy and the facts of the case.

48. The Defendant has failed and refused to provide the full plan documents, the latest summary plan description and the insurance policy under which the plan is established or operated.

49. Plaintiffs have exhausted all administrative remedies available under the plan.

50. Defendant Hartford's denial of the claim is not only substantively wrong but procedurally deficient.

## COUNT I

### Claim for Benefits under ERISA – 29 U.S.C. § 1132(a)(1)

51. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 50 as if fully set forth herein.

52. The group life insurance policy at issue is an "employee welfare benefit plan" governed by ERISA.

53. Gracie Hansen is a proper claimant and one of the designated life insurance beneficiaries.

54. Plaintiff Brent Hansen is a proper claimant as he is the natural father and fiduciary for C.H., a minor. C.H., a minor, is one of the designated life insurance beneficiaries.

55. The Plaintiff's children are entitled to the full $449,000 life insurance benefit under the terms of the policy. Defendant Hartford has only paid $169,000.

56. Defendant Hartford's denial of the remaining $280,000 claim is without a factual or legal basis, contrary to the plan's terms, unsupported by substantial evidence, and in violation of ERISA's fiduciary obligations.

57. There have been serious procedural irregularities in Defendant Hartford's handling of this claim, including, but not limited to:

    a. issuing contradictory statements about whether the Plaintiff's claim was approved or not and whether Plaintiff's Administrative Appeal had been received or not;

    b. denying Plaintiff's Administrative Appeal before it was ever filed;

    c. failure to provide timely notice of its decision on the Administrative Appeal; and

    d. withholding plan documents and critical correspondence (Defendant's letters dated January 14 and February 10, 2025 that were not produced until June 17, 2025).

58. In light of these circumstances, the appropriate standard of review in this action is *de novo*.

59. If the Court determines that an abuse of discretion standard applies, Defendant Hartford's conflicts of interest and the above identified procedural irregularities require the Court to apply lessened deference and conduct a heightened scrutiny of the record.

60. The denial of the claim is arbitrary, capricious, contrary to the terms of the policy and plan and a breach of fiduciary duty under ERISA.

61. Defendant Hartford has acted unreasonably and in bad faith by:

    a. denying this claim;

    b. refusing to provide any documents to support its denial of this claim; and

    c. failing and refusing to provide plan documents.

62. As a result, Defendant Hartford has wrongfully deprived Karen Hansen's children of the life insurance benefits to which they are entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

    a. find that the Administrative Record does not contain any documents to show that Karen Hansen had knowledge and a belief that she had been

      diagnosed or treated with heart disease by a licensed member of the medical profession after May 23, 2017; and

b. enter judgment in favor of Plaintiffs and against Defendant Hartford as follows:

1. an award of $280,000 in life insurance benefits due under the plan;

2. an order requiring Defendant Hartford to pay pre-judgment and post-judgment interest;

3. an award of attorneys' fees and costs under 29 U.S.C. § 1132(g);

4. statutory penalties for each separate violation of 29 U.S.C. § 1132(c)(1) for failing to provide the requested plan documents under ERISA;

5. any other relief the Court deems just and proper.

Respectfully Submitted,

By: /s/William P. Ronan, III #47954
    Indian Creek Corporate Campus
    10740 Nall Ave., Suite 160
    Overland Park, Kansas 66211
    Telephone: (913) 652-9937
    Facsimile: (913) 385-9422
    Email: wpr@theronanlawfirm.com